# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Scott A. LELAND
### Boatswain's Mate First Class (E-6), U.S. Coast Guard

## CGCM 24475

## Docket No. 1357

## 23 January 2013

Special Court-Martial convened by Commander, Deployable Operations Group. Tried at Seattle, Washington, on 24 March 2011.

| | |
|---|---|
| Military Judge: | CDR Amy E. Kovac, USCG |
| Trial Counsel: | LT James P. Kaiser Jr., USCGR |
| Assistant Trial Counsel: | LT Luke R. Petersen, USCG |
| Defense Counsel: | LT Leigha B. Fassett, JAGC, USN |
| Appellate Defense Counsel: | LCDR Paul R. Casey, USCG |
| Appellate Government Counsel: | LT Frances S. Johnson-Gillion, USCGR |

### BEFORE
### McCLELLAND, HAVRANEK & NORRIS
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of attempting to sell military property without authority, in violation of Article 80, Uniform Code of Military Justice (UCMJ); and one specification of selling military property without authority, in violation of Article 108, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge, reduction to E-1, confinement for 100 days, and a fine of $1000.00. The Convening Authority approved the sentence as adjudged, and suspended confinement in excess of sixty days in accordance with the pretrial agreement.

Before this Court, Appellant has assigned as error that the adjudged sentence of a bad-conduct discharge, reduction to E-1, confinement for 100 days, and $1000 fine is inappropriately severe. Upon due consideration, we do not agree that the sentence is inappropriately severe.

We have discovered an issue concerning the providence inquiry for the attempt charge. We set aside the findings on that charge. Upon reassessment, we approve the unsuspended parts of the sentence.

Under the specification of Charge I, Appellant pleaded guilty to attempting to sell military property without authority. The military judge began the providence inquiry for this specification as follows:

> This is a violation of Article 80 of the Uniform Code of Military Justice, and the elements of that offense are that on or about 4 October 2010 at or near Seattle, Washington, you did a certain act, that is attempt to sell to [a Coast Guard Investigative Service Special Agent (CGIS SA)] five Mustang MSD 575 Dry Suits of an approximate value of $4,030. The act was done with specific intent to commit the offense of selling military property without authorization. The act amounted to more than mere preparation, that is, there was a substantial step and direct movement for commission of the intended offense, and the act apparently would have resulted in the actual commission of the offense of unauthorized sale of military property except for the fact that [the CGIS SA] was undercover and posing as a buyer, which prevented the completion of that offense.
>
> . . . .
>
> Proof of the offense that it actually occurred or was completed by the accused is not required. However, it must be proved beyond a reasonable doubt that, at the time of the act, the accused intended every element of the offense.

(R. at 33-34.) The military judge never elaborated on that last sentence, and never provided the specific elements of the offense that Appellant had attempted to commit. She simply went on to ask him if he understood each of the elements, to which he answered yes, and whether he had any questions about them, to which he answered no. (R. at 34-35.)

Since the Court of Military Appeals decided *United States v. Care*, 18 USCMA 535, 40 C.M.R. 247 (1969), it has been well known that the elements of an offense to which an accused is pleading guilty must be explained to the accused on the record. *Care*, 18 USCMA at 541, 40 C.M.R. at 253.

The Military Judges' Benchbook, DA Pamphlet 27-9, prescribes that following the four elements of attempt as stated earlier, "[t]he elements of the attempted offense" are to be stated. Benchbook § 3-4-1 (2010). The military judge did not do so.

The elements of attempt include the elements of the offense allegedly agreed to be committed, and if the military judge failed to provide them, Appellant's plea was improvident.

Appellant was told that to be guilty of the offense, he must have acted "with specific intent to commit the offense of selling military property without authorization," and that he must have "intended every element of the offense," but he was not told that the elements of "the offense of selling military property without authorization" are that he would sell certain property, that the sale would be without authority, that the property would be military, and that the property would be of some value. Except for the element of value, those elements are found in the stated description of the offense: "selling military property without authorization." Many offenses have an element that is hidden from view in a simple description of the offense. For this offense, no element was hidden in the description Appellant was given, except for the element of value. On the other hand, the order in which this information was given, where the last piece of information was that he must have intended every element of the offense, might well have left him wondering what those elements are. This is so even though he acknowledged he understood the elements and had no questions about them.

On the whole, we are not convinced that Appellant understood all the elements, including that the property have some value. We will set aside the findings of guilty of the attempt charge and specification. We are certain that without the attempt specification, the sentence would not have been less than a bad-conduct discharge, reduction to E-1, confinement for sixty days, and a fine of $1000.00.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty of Charge I and its specification are set aside, and that charge and specification are dismissed. The remaining findings are determined to be correct in law and fact and, on the basis

of the entire record, should be approved.  Accordingly, the remaining findings of guilty are affirmed.  Only so much of the sentence as amounts to a bad-conduct discharge, reduction to E-1, confinement for sixty days, and a fine of $1000.00 is affirmed.



For the Court,

Andrew R. Alder
Clerk of the Court